BROWN, Judge,
concurring.
I agree with the results reached by the majority but believe it is necessary to explain my reasons assessing plaintiff with fifty percent fault.
The only witness who actually viewed the entire accident was Emmit Taylor. Mr. Taylor, a school bus driver, was in his personal vehicle driving immediately behind plaintiff. The posted speed for this construction area was 45 miles per hour. Mr. Taylor estimated his speed to be about 50 miles per hour and believed plaintiff was traveling at that speed or a little faster. Mr. Taylor testified that plaintiff ran off the roadway twice and on the second time immediately jerked back, crossing the center line into oncoming traffic. Plaintiff did not remember the accident and no other witness saw the cause of the accident.
The photographs taken at the accident scene before the vehicles were removed demonstrates that this was unmistakably a construction area and that a large sign warning of road construction was situated immediately before plaintiff entered the accident area.
*96 The highway where this accident occurred was sufficiently wide and distinctively marked with a white stripe on its outside edge. The “edge ruts” were off the hard surface and were the results of a soft shoulder.
Although I do not agree that a driver who strays onto a defective shoulder is necessarily at fault in a resulting accident, I do agree that under the circumstances of this case plaintiff was at fault and that the percentage apportioned by the majority is correct.
APPLICATION FOR REHEARING
Before SEXTON, LINDSAY, HIGHTOWER, BROWN and STEWART, JJ.
Rehearing denied.